**DLD-184**                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3481
_____

KENNETH MILLER; TINA R. TURNER-MILLER

v.

MICHAEL WENEROWICZ


Kenneth Miller,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-12-cv-01720)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 17, 2016

Before: CHAGARES, GREENAWAY, JR., and SLOVITER**, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 2, 2016)
_____

OPINION[*]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
** The Honorable Dolores K. Sloviter participated in the decision in this case.  Judge Sloviter assumed inactive status on April 4, 2016 after the submission date, but before the filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

PER CURIAM

Kenneth Miller appeals from the District Court's entry of summary judgment in favor of the defendant, Michael Wenerowicz. We will affirm.

I.

The following facts are taken from the summary judgment record as viewed in the light most favorable to Miller. Miller is serving a Pennsylvania sentence of life imprisonment and, at all relevant times, has been confined at SCI-Graterford. Wenerowicz is SCI-Graterford's Superintendent. Miller and his wife, Tina Turner-Miller, filed suit against Wenerowicz complaining that he arbitrarily withheld approval of their marriage for approximately eleven months.

Miller first requested permission to marry in April 2011, but Wenerowicz denied the request with leave to re-apply after six months. Wenerowicz asserts that he did so because Miller recently had incurred a disciplinary violation. Miller renewed his request in October of 2011, and Wenerowicz again denied it. Wenerowicz asserts that he did so because Miller had been assigned "Z-code" status after incurring another disciplinary violation for exposing himself to a female corrections officer, which suggested the potential need for sex-offender therapy. Wenerowicz also notified Turner-Miller that Miller could again renew his request after six months.

After further investigation, however, Wenerowicz determined that these circumstances posed no impediment to marriage. Thus, on January 31, 2012, he wrote to Miller and suggested that Miller reapply. Miller did so on March 8, 2012, Wenerowicz approved the marriage on March 20, 2012, and Miller and Turner-Miller were married on April 27, 2012.

Miller filed suit pro se after Wenerowicz approved the marriage but before the wedding occurred. The District Court appointed counsel and permitted Miller to amend his complaint to add Turner-Miller as a plaintiff (though we refer hereafter only to Miller's claims because Turner-Miller did not file a notice of appeal and thus is not a party to this appeal). Miller asserted claims under 42 U.S.C. § 1983 for: (1) deprivation of the right to marry in violation of the Fourteenth Amendment; (2) retaliation for his exercise of that right; and (3) tortious interference with contract.

Wenerowicz filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The District Court dismissed Miller's second and third claim because Miller expressly withdrew them at oral argument, but it allowed his first claim to proceed. Following discovery, Wenerowicz filed a motion for summary judgment and argued, among other things, that he was entitled to qualified immunity. The District Court agreed and entered summary judgment in his favor. Miller appeals pro se.[1]

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review of the District Court's grant of summary judgment and the legal issues underpinning a claim of qualified immunity." Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014). In doing so, we view the evidence in the light most favorable to the non-moving party and determine

3

II.

We will affirm substantially for the reasons explained by the District Court. To summarize and restate them somewhat, prisoners retain the fundamental right to marry while in prison. See Turner v. Safley, 482 U.S. 78, 95-96 (1987). But "[t]he right to marry . . . is subject to substantial restrictions as result of incarceration," id. at 95, and "legitimate security concerns may require placing reasonable restrictions upon an inmate's right to marry, and may justify requiring approval of the superintendent," id. at 97. Thus, a restriction on the right to marry does not violate the Constitution if the restriction is "reasonably related to legitimate penological interests." Id. at 89.[2] Even if a prison official's restriction on the right to marry is unconstitutional under the Turner test, however, the official is immune from suit unless the right at issue was "clearly established." Reichle v. Howards, 132 S. Ct. 2088, 2093 (2012). In determining whether the right at issue was clearly established, the right must be defined at an appropriate level of specificity. See id. at 2094 & n.5.

Miller argued below that Wenerowicz violated his right to marry by delaying authorization for arbitrary reasons and for an unreasonable period of time. Even if he

whether there is any genuine dispute as to any material fact and whether the movant is entitled to judgment as a matter of law. See id.; Fed. R. Civ. P. 56(a).

[2] Turner-Miller has not appealed, but we note that the Turner standard governed her claims as well even though she was not a prisoner. See Thornburgh v. Abbott, 490 U.S. 401, 410 n.9 (1989).

4

were correct, which we do not decide,[3] the right at issue was not clearly established. Properly defined, Miller claims the right to immediate approval of his marriage request regardless of his admitted disciplinary violations. No United States Supreme Court (or Third Circuit) precedent addresses a delay in approval of a marriage request, let alone clearly establishes that a delay under these specific circumstances violates the Constitution. See Toms v. Taft, 338 F.3d 519, 526 (6th Cir. 2003) (noting previous ruling that the right to avoid a mandatory one-year waiting period for marriage is not clearly established because "the underlying issue is to what extent an inmate's marriage may be controlled by the state [under Turner]; and upon that issue there is no binding precedent") (quotation marks omitted).

Even if a "robust consensus" of persuasive authority could clearly establish a right, Taylor v. Barkes, 135 S. Ct. 2042, 2044 (2015) (quotation marks omitted), there does not appear to be any such consensus on this issue and Miller has not argued otherwise. To the contrary, one Court of Appeals has held that a one-year delay in approving a marriage application following a disciplinary violation did not violate a prisoner's clearly established rights. See Martin v. Snyder, 329 F.3d 919, 921-22 (7th

---

[3] Miller argued that Wenerowicz's initial denials were arbitrary because the version of the relevant Department of Corrections policy then in place did not specifically authorize the denial of authorization for the reasons that Wenerowicz invoked or for any other. Thus, Miller appears to claim that the policy obligated Wenerowicz to automatically and immediately approve his marriage request. We do not decide that issue in light of our disposition, but we note that the policy goes on to provide that "[t]his policy does not create rights in any person" and "should be interpreted to have sufficient flexibility to be

5

Cir. 2003). As that Court explained, <u>Turner</u> does not address delays and other decisions suggest that certain delays are permissible. <u>See</u> <u>id.</u> at 922. Indeed, "[t]here have been other protests about delay in marriage, and wardens have won all of the appellate decisions we could locate." <u>Id.</u> Moreover, <u>Turner</u> itself recognizes that a prisoner's right to marry is subject to restriction and the approval of the superintendent. Against this legal backdrop, it would have been at least reasonable for an officer in Wenerowicz's position to believe that delaying approval of Miller's marriage for less than one year did not violate the Constitution.

The only decision that Miller has cited in support of his position is <u>Engel v. Ricci</u>, No. 07-5354, 2008 WL 2167994 (D.N.J. May 22, 2008). A single non-precedential District Court decision, by itself, does not clearly establish a right. <u>See</u> <u>Mammaro v. N.J. Div. of Child Prot. & Permanency</u>, — F.3d —, No. 15-1448, 2016 WL 683637, at *4 n.2 (3d Cir. Feb. 19, 2016). Even if it could, <u>Engel</u> held only that a claim regarding a nineteen-month delay survived Rule 12(b)(6) dismissal under otherwise distinguishable circumstances. <u>See</u> <u>Engel</u>, 2008 WL 2167994, at *5-6. <u>Engel</u> also did not address a defense of qualified immunity.

III.

For these reasons, we will affirm the judgment of the District Court.

---

consistent with law and to permit the accomplishment of the purpose(s) of the policies of the Department of Correction." (ECF No. 53-9 at 4.)